**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ROBERT SMITH,

      Petitioner,

v.                                                   Case No. 8:04-CV-1704-T-30MAP

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.

      Respondents.
_____/

**O R D E R**

Petitioner, an inmate of the Florida Penal System, initiated this action by filing a petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Respondent has filed a response, and the matter is before the Court for a decision on the merits. For reasons set forth below, the Court finds that Petitioner has failed to show that he is entitled to federal habeas relief.

**Background**

Petitioner was charged with one count each of attempted murder in the second degree with a firearm, home invasion robbery with a firearm, and possession of a firearm by a convicted felon. Dkt. 9, Ex. 30, Vol. 1 at R. 18-20. Before trial, the state trial court held a hearing on Petitioner's motion to suppress his confession as involuntary, and the court denied the motion. Id. at R. 26-28;

Vol. III at T. 72-92. After a jury trial on the first two counts, Petitioner was convicted of aggravated assault with a firearm and home invasion robbery with a firearm, and received concurrent sentences of 15 and 20 years, respectively. Vol. III at T. 94 to Vol. IV at T. 352; Vol. 1 at R. 64, 68-72.

Subsequently, Petitioner pled no contest to the third count and was sentenced to 15 years probation, consecutive to his other sentences. Ex. 2 at T. 3-4; Ex. 30, Vol. I at R. 66, 80-81. On direct appeal, Petitioner raised only the denial of his motion to suppress, and the state appellate court affirmed his convictions and sentences. Ex. 3 at 6; Ex. 5. Next, Petitioner filed a Rule 3.850 motion for post-conviction relief in the state trial court, and the motion was denied. Exs. 7, 8. On appeal, the state appellate court affirmed the denial on all but one of Petitioner's grounds, reversing and remanding for further proceedings on Petitioner's claim that his trial counsel coerced him to plead no contest to the third count. Ex. 9. On remand, after an evidentiary hearing, the state trial court denied relief on that claim. Exs. 12, 13. The state appellate court affirmed. Ex. 18. Finally, Petitioner filed a petition for federal habeas relief. Dkt. 1.

## Standard of Review

Title 28 United States Code § 2254(d) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

**Ground I**

Petitioner contends that the state trial court deprived him of his Fifth Amendment right to freedom from self-incrimination by denying his motion to suppress statements that he argues were made involuntarily. A state court's determination that a petitioner's confession was voluntary is a conclusion of law. Miller v. Fenton, 474 U.S. 104, 110, 112 (1985). On the other hand, subsidiary determinations, such as of whether a drug has the properties of a truth serum, whether the police used intimidation tactics, the length and circumstances of the interrogation, or the defendant's prior experience with the legal process and familiarity with the Miranda warnings, are findings of fact. Id. at 112, 117. Thus, under § 2254(d), this Court's inquiry is limited to (1) whether the state trial court's determination of voluntariness "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" and (2) whether the court's subsidiary factual findings supporting its determination of voluntariness were unreasonable "in light of the evidence presented in the State court proceeding."

After hearing testimony at a suppression hearing, the state trial court determined that Petitioner's confession was voluntary and without coercion. Ex. 30, Vol. III at T. 92. On collateral review, the burden of proving involuntariness rests with the habeas petitioner. Martin v. Wainwright, 770 F.2d 918, 925 (11th Cir. 1985). The petitioner must prove that in light of "the totality of the circumstances surrounding the interrogation," Fare v. Michael C., 442 U.S. 707, 724-25 (1979), "his will has been overborne and his capacity for self-determination critically impaired," Culombe v. Connecticut, 367 U.S. 568, 602 (1961). To determine whether the court's determination of voluntariness was a reasonable application of Fare and Culombe, this Court examines the subsidiary factual findings on which the court's determination was based.

The state court found that during the interrogative interview, Petitioner "was coherent enough to understand the nature of the questions that was being asked." Ex. 30, Vol. III at T. 92. At the suppression hearing, the interrogating detective stated that during the interview, Petitioner seemed very tired, lethargic, and "possibl[y]" hung over. Id. at T. 85-87. However, the interrogating detective also testified that Petitioner was "very cooperative" during the interview, id. at T. 81; that the detective was close to Petitioner and noticed no odors of alcohol on his breath, id. at T. 88; and that Petitioner did not appear to be under the influence of any drugs or narcotics, id. at T. 89. Also, the detective testified that the interview took place at 1:00 or 2:00 in the afternoon and lasted less than 20 minutes. Id. at T. 84, 88.

In addition, the state court found that Petitioner "waived his [Miranda] rights" and that Petitioner's confession was made "without promises of benefit" from the interrogating detectives. Id. at T. 92. During the suppression hearing, the following dialogue transpired between Petitioner's counsel and the interrogating detective:

> Q. Okay. And also in reference to the transcript, you do admit that at one point when -- I believe you or the person who was helping you -- talked to Mr. Smith, you indicated something to him about we haven't threatened you, and in fact he said you had in terms of his sentence; correct? That was his statement; correct?
>
> A. Right, which I don't quite understand that, but yeah.

Id. at T. 87-88. Petitioner contends that the detective's answer amounted an admission that the police made threats and promises. To the contrary, the detective testified that during the interview Petitioner acknowledged understanding his Miranda rights, id. at T. 89; that before going "on tape" during the interview, neither of the detectives made any promises of leniency or threats, id. at T. 80; and that although Petitioner may have asked the detectives "on tape" "about how much time he was

looking at or something," the detectives declined to answer this question, id. at T. 83.

In light of the whole testimony of the interrogating detective at the suppression hearing, the state trial court could reasonably find that Petitioner was coherent during the interview, waived his Miranda rights, and confessed without promises of leniency. In light of these findings, Petitioner cites no "clearly established Federal law, as determined by the Supreme Court of the United States," to which the state court's determination of voluntariness was contrary or of which it was an unreasonable application.[1] Therefore, Petitioner has failed to meet his § 2254(d) burden regarding Ground I.

**Ground II**

Petitioner contends that he was deprived of his Sixth Amendment right to effective assistance of counsel, alleging that his counsel conceded his guilt to charges without his consent. To prevail on this ground, Petitioner must satisfy the two-pronged test of Strickland v. Washington, 466 U.S. 668, 687 (1984). Petitioner must show that (1) counsel's performance was deficient, i.e., fell below an objective standard of reasonableness under prevailing professional norms; and (2) counsel's deficient performance prejudiced Petitioner's defense, i.e., "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id.

---

[1] In Moore v. Dugger, 856 F.2d 129, 132 (11th Cir. 1988), the Eleventh Circuit held that although the petitioner had an IQ of 62, functioned at the intellectual level of an 11-year-old, and had been without food or sleep for 25 to 30 hours when he confessed, his confession was nevertheless voluntary. Nowhere in his petition or reply does Petitioner allege mental impairments rising to the level of those of the petitioner in Moore. (Although Petitioner cites the interrogating detective's statement that Petitioner may "possibl[y]" have been hung over, Petitioner does not allege that he was in fact under the influence of alcohol or drugs.) Therefore, even if Petitioner was very tired and lethargic during the interview, these facts would not necessarily render the state court's determination of voluntariness unreasonable.

at 687-88, 694.

In Petitioner's counsel's closing argument, counsel acknowledged that Petitioner "did something wrong" on the day of the crime and "was the man with the big gun," Ex. 30, Vol. IV at T. 299; that Petitioner went to the victim's residence to purchase marijuana, <u>id.</u> at T. 279, 305; and that Petitioner's physical characteristics at the time of the crime met the victim's description of the perpetrator, <u>id.</u> at T. 310.

However, all of Petitioner's counsel's statements regarding Petitioner's involvement in the crime were consistent with Petitioner's own recorded confession, which was played for the jury. Vol. III at T. 224-37. Also, the victim testified in detail about the crime and positively identified Petitioner as the perpetrator. <u>Id.</u> at T. 108-47. Moreover, Petitioner's counsel nowhere conceded Petitioner's guilt to the charged offenses of attempted second-degree murder and home invasion robbery. Rather, his counsel specifically stated that the State had not proved the charged offenses and that at most, Petitioner could be convicted only of some lesser-included offense. Vol. IV at T. 275-80, 298-316. And that is exactly what the jury did with the first count, returning a verdict of guilty of the lesser included offense of aggravated assault. <u>Id.</u> at T. 347.

In light of Petitioner's counsel's unsuccessful attempt to suppress his confession and in light of the other evidence the jury heard, counsel's statements were part of a reasonable (and successful) trial strategy of damage control, which can hardly be said to have resulted in any prejudice. Consequently, Petitioner has failed to meet the <u>Strickland</u> test regarding Ground II.

**Ground III**

Petitioner contends that his counsel was ineffective for failing to challenge for cause or peremptorily strike a particular prospective juror. During voir dire, prospective juror Nehls stated that she taught parenting at a correctional facility. Ex. 30, Vol. II at T. 40. Petitioner alleges that the prospective jurors were told that the case involved two children being placed in danger. However, the statement Petitioner cites was made during trial, not voir dire. Dkt. 2 at 12; Dkt. 9, Ex. 30, Vol. III at T. 109.

Defense counsel have wide latitude in forming and implementing trial strategies; this Court will not attempt to second-guess these tactical decisions. See generally Strickland, 466 U.S. at 687-91. Furthermore, Petitioner fails to give any logical explanation why prospective juror Nehls's having taught parenting classes would affect her impartiality in a case involving a defendant who placed someone else's children at risk. Therefore, Ground III is without merit.

**Ground IV**

Petitioner contends that his counsel was ineffective for "coercing" him to plead no contest to the third count, possession of a firearm by a felon. After his plea, Petitioner was sentenced to 15 years probation, consecutive to his other sentences. Ex. 30, Vol. I at R. 80. The crux of Petitioner's argument is that he entered the plea based on his trial counsel's erroneous advice that if he proceeded to trial on the third count and was found guilty, his sentence would automatically be imposed consecutively to any other sentences.

After an evidentiary hearing, the state trial court found that Petitioner's counsel never gave him this misadvice. Ex. 13 at R. 50-51. This finding was supported by Petitioner's counsel's testimony, which the court specifically found to be credible. Ex. 12 at T. 52-53; Ex. 13 at R. 50-51.

In light of the highly deferential standard of § 2254(d)(2), this Court will not disturb the state court's finding on this issue. See Robinson v. Moore, 300 F.3d 1320, 1342 (11th Cir. 2002). Petitioner's argument is therefore factually unfounded, and Ground IV is without merit.

ACCORDINGLY, it is **ORDERED AND ADJUDGED** that:

1. The Petition for Writ of Habeas Corpus is **DENIED**.

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE and ORDERED in Tampa, Florida on July 2, 2007.**

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE